UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EARNEST PETERSON,

        Plaintiff,

V.                                      Case No. C-1-04-0546

RED CARPET JANITORIAL SERVICES, INC.,

        Defendant.

## ORDER

This matter is before the Court upon Defendant's motion for summary judgment (doc. 17), Plaintiff's opposing memorandum (doc. 20), and Defendant's reply (doc. 21). The parties have not filed proposed findings of fact and conclusions of law.

### I. Introduction

Plaintiff Earnest Peterson brings this action against Red Carpet Janitorial Services, Inc. (Red Carpet). Red Carpet is an Ohio Corporation that offers custodial services in Ohio and Kentucky. It operates its carpet cleaning business through a subsidiary known as CMI. Plaintiff was employed by CMI from August 27, 1996 until he was terminated in 2003.

Plaintiff brings claims for race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* Plaintiff's claims are premised on allegations that Defendant refused to pay Plaintiff promised salary increases while automatically increasing white employees' wages (Count I), failed to promote Plaintiff to the position of Building Manager while hiring white employees with less tenure and experience to fill that position

1

(Count II), failed to protect Plaintiff against alleged abuses in the workplace while protecting white employees against similar abuses (Count III), and wrongfully discharged the Plaintiff when he became sick and provided CMI with a doctor's statement asking the company to restrict his driving while giving a white employee light duty when he became ill (Count IV). Plaintiff originally brought an additional claim for age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*. However, in his opposing memorandum, Plaintiff agrees that his claim under the ADEA is moot because of failure to fulfill jurisdictional requirements.

## II. Motion for Summary Judgment

Defendant moves for summary judgment on all claims. Defendant argues that it is entitled to summary judgment on the disparate treatment claim because Plaintiff cannot demonstrate an adverse employment decision and cannot show that a similarly-situated white employee was given a pay raise that Plaintiff was denied. Defendant moves for summary judgment on the failure to promote claim because it asserts that Plaintiff cannot demonstrate that he applied for a promotion to a managerial position, that he was qualified for a managerial position, and that a similarly-situated white employee was given a managerial position or that such a position ever became available at CMI. Defendant also alleges that it has demonstrated legitimate reasons for not promoting Plaintiff. Defendant argues that it is entitled to summary judgment on Plaintiff's claim of discriminatory discharge because it did not replace Plaintiff and it had a legitimate reason for discharging him.

### III.  Summary Judgment Standard

Fed. R. Civ. P. 56 allows summary judgment to secure a just and efficient determination of an action.  This Court may only grant summary judgment as a matter of law when the moving party has identified, as its basis for the motion, an absence of any genuine issue of material fact. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555 (1986).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." ***Anderson v. Liberty Lobby***, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986) (quoting ***First Nat'l Bank of Arizona v. Cities Serv. Co.***, 391 U.S. 253, 88 S.Ct. 1575 (1968)).  The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. ***Anderson***, 477 U.S. at 255, 106 S.Ct. at 2513 (citing ***Adickes v. S.H. Kress & Co.***, 398 U.S. 144, 158, 90 S.Ct. 1598, 1608-09 (1970)).

The court is not to weigh the evidence and determine the truth of the matter but is to decide whether there is a genuine issue for trial. ***Anderson***, 477 U.S. at 249, 106 S.Ct. at 2511.  There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. ***Id.*** (citing ***Cities Serv.***, 391 U.S. at 288-289, 88 S.Ct. at 1592).  The Court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as matter of law." ***Id.*** at 251-52, 106 S.Ct. at 2511.  If the evidence is merely colorable (***Id***. (citing ***Dombrowski v. Eastland***, 387 U.S. 82, 84, 87 S.Ct. 1425 (1967)), or is not significantly probative (***Id***. (citing ***Cities Serv.***, 391 U.S. at 290, 88 S.Ct. at 1592), judgment may be granted.

3

## IV. Applicable Law

Title VII provides that it is unlawful for an employer "to discharge any individual, or otherwise . . . discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a). To avoid summary judgment in an employment discrimination case, plaintiff must provide either direct evidence of discrimination or circumstantial evidence from which an inference of discrimination can be drawn. ***Talley v. Bravo Pitino Rest., Ltd.,*** 61 F.3d 1241, 1248 (6th Cir. 1995).

Ohio courts generally apply the evidentiary standards and guidelines established in ***McDonnell Douglas Corp. v. Green,*** 411 U.S. 792, 93 S. Ct. 1817 (1973), in employment discrimination cases. ***Plumbers & Steamfitters Comm. v. OCRC.,*** 66 Ohio St.2d 192, 196, 421 N.E.2d 128, 131 (1981). In order to establish a prima facie case of employment discrimination under the ***McDonnell Douglas*** formulation, a plaintiff must show (1) that he is a member of a protected class; (2) that he suffered an adverse employment decision; (3) that he was qualified for the position lost or not gained; and (4) that an individual outside the plaintiff's protected class received the job. ***Manzer v. Diamond Shamrock Chemicals Co.,*** 29 F.3d 1078, 1081 (6th Cir. 1994)(citing ***McDonnell Douglas Corp.,*** 411 U.S. at 802, 93 S. Ct. at 1824).

Plaintiff can also establish the fourth prong of a prima facie case of discrimination by showing that he was treated less favorably than a similarly-situated employee outside of his protected class. ***Clayton v. Meijer, Inc.,*** 281 F.3d 605, 610 (6th Cir. 2002). In such a case, Plaintiff must prove that all relevant aspects of his employment situation were similar to those of the employee with whom he seeks to compare himself. ***Ercegovich v. Goodyear Tire & Rubber Co.,*** 154 F.3d 344, 352 (6th Cir. 1998).

4

The framework changes if a plaintiff was discharged as part of a reduction in the work force (RIF). In such a case, in order to establish the fourth element of the prima facie case, the plaintiff must present additional direct, circumstantial or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons. ***Barnes v. GenCorp, Inc.,*** 896 F.2d 1457, 1465 (6th Cir. 1990). The Sixth Circuit in ***Barnes*** explained the need for additional evidence in the context of a RIF:

> When work force reductions by the employer are a factor in the decision, 'the most common legitimate reasons' for the discharge are the work force reductions. By showing the other elements of a ***McDonnell Douglas*** case, a plaintiff has not presented any evidence indicating that the work force reductions are not the reasons for the discharge and therefore does not make out a prima facie case absent additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons. ***LaGrant v. Gulf and Western Mfg. Co.,*** 748 F.2d 1087, 1090 (6th Cir. 1984)("[t]he mere termination of a competent employee when an employer is making cutbacks due to economic necessity is insufficient to establish a prima facie case of age discrimination"); ***McMahon v. Libbey-Owens-Ford Co.,*** 870 F.2d 1073 (6th Cir. 1989); ***Sahadi v. Reynolds Chemical,*** 636 F.2d 1116, 1118 (6th Cir. 1980).

***Id.***

The employer is entitled to summary judgment if the plaintiff does not establish a prima facie case. If the plaintiff establishes a prima facie case, the employer can overcome the prima facie case by articulating a legitimate, nondiscriminatory reason for the adverse employment action. ***McDonnell Douglas,*** 411 U.S. at 802, 93 S.Ct. at 1824. If the employer carries its burden, the plaintiff must show that the reasons offered by the employer were not its true reasons, but were a pretext for discrimination. ***Id.*** at 804, 93 S.Ct. at 1825.

The United States Court of Appeals for the Sixth Circuit has categorized different evidentiary bases for three types of pretext showings: 1) defendant's reasons had no basis in fact; 2) the reasons did not actually motivate the discharge; or 3) the reasons were insufficient to warrant a discharge. *Manzer,* 29 F.3d at 1084. The first type of showing consists of evidence that the reason offered for the plaintiff's discharge never happened, i.e., that the reason is factually false. *Id.* The third showing ordinarily consists of evidence that other employees, particularly those outside the protected class, were not discharged even though they engaged in conduct substantially identical to that which purportedly motivated the plaintiff's discharge. *Id.* If the plaintiff establishes the first or third showing, a permissive inference of discrimination arises. *Id.* For the second showing, where the plaintiff admits the factual basis underlying the employer's proffered explanation and further admits that such conduct could motivate dismissal, plaintiff may not rely simply upon the prima facie evidence but must instead introduce additional evidence of discrimination that would permit a reasonable jury to conclude that such evidence overwhelms defendant's non-discriminatory reasons. *Id.*

Although the court should refrain from probing an employer's business judgment, business judgment is not an absolute defense to unlawful discrimination. ***Wexler v. White's Furniture, Inc.,*** 317 F.3d 564, 576 (6th Cir. 2003). The Court in *Wexler* addressed the extent to which the

6

reasonableness of an employer's decision may be considered:

> [T]he reasonableness of an employer's decision may be considered to the extent that such an inquiry sheds light on whether the employer's proffered reason for the employment action was its actual motivation. ***Smith v. Chrysler Corp.,*** 155 F.3d 799, 807 (6th Cir. 1998)(holding that, in evaluating a proffered nondiscrimnatory basis for an employment action, courts should inquire into 'whether the employer made a *reasonably informed and considered decision* before taking an adverse employment action')(emphasis added); ***In re Lewis,*** 845 F.2d 624, 633 (6th Cir. 1988)('Sears does not have to establish that the basis on which it acted in firing Lewis was *sound;* rather, Lewis has the burden of demonstrating that Sears' stated reasons are pretextual. One way for Lewis to do this is to show that Sears' asserted business judgment was so ridden with error that defendant could not honestly have relied upon it.')(emphasis in original)(internal quotation marks omitted).

*Id*.

## V. Opinion

### A. Disparate Treatment

Plaintiff fails to make out a prima facie case of disparate treatment as to his claim that Defendant refused to give him pay raises that it awarded to similarly-situated white employees (Count I). Defendant provides an affidavit from John B. Vogele, the Vice-President of Red Carpet who oversaw the operations of CMI and who was Plaintiff's supervisor, stating that Plaintiff was never promised half of another employee's salary. The supervisor asserts that CMI instead paid the Plaintiff overtime for any extra time worked. Additionally, Defendant provides information that CMI gave Plaintiff seven pay raises throughout his employment. Defendant states that CMI did not give any similarly-situated employee pay raises that it denied to the Plaintiff.

Plaintiff admits to receiving three pay raises and does not dispute in his opposing memorandum Voegele's statement that he was paid overtime for extra hours that he worked. Plaintiff does not provide any facts to show that a similarly-situated, non-minority employee received additional pay raises over the same time period or was treated more favorably than

7

Plaintiff in terms of overtime compensation. Plaintiff has not shown the existence of a genuine issue of material fact as to Count I, and summary judgment is granted as to this claim.

## B. Failure to Promote

Plaintiff also fails to make out a prima facie case of discriminatory failure to promote (Count II). To establish a prima facie case of failure to promote, Plaintiff must demonstrate that: (1) he is a member of a protected class; (2) he applied for and was qualified for a promotion; (3) he was considered for and was denied the promotion and (4) an individual of similar qualifications who was not a member of the protected class received the job at the time plaintiff's request for the promotion was denied. *Nguyen v. City of Cleveland,* 229 F.3d 559, 562-563 (6th Cir. 2000).

Once again, the Plaintiff establishes only that he is a member of the protected class. Plaintiff fails to satisfy the second factor of a prima facie case because he does not provide any evidence that he applied for a promotion to a managerial position. Voegele states in his affidavit that Plaintiff never applied for a management position at CMI or Red Carpet, and Plaintiff has indicated that he lacks sufficient knowledge as to whether he ever applied for a management position (Request for Admission No. 19). Voegele also states in his affidavit that during Plaintiff's employment at CMI, CMI did not have building managers because its carpet technicians traveled between work sites and at most there were two carpet technicians in Dayton, with Plaintiff being the only full-time carpet technician. Plaintiff has made no attempt in his opposing memorandum to refute Defendant's evidence.

Plaintiff also fails to demonstrate that he was qualified for a managerial position. Voegele states in his affidavit that Plaintiff had difficulty working with others. Plaintiff does not dispute Voegele's assertion. The only evidence Plaintiff offers to prove that he was qualified for a

managerial position is the pay raises he received. The fact that Plaintiff received pay raises at the position he held does not mean, however, that he possessed the qualifications needed for a managerial position requiring more responsibility and different skills. Plaintiff has not come forward with other specific facts to show that he was qualified for a management position.

Finally, Plaintiff has not come forward with evidence to create a genuine issue of material fact as to the fourth element, i.e., a similarly-situated, non-minority employee received a promotion at the time Plaintiff's request for a promotion was denied. Plaintiff asserts that CMI promoted a white employee by the name of Mike Schwartz who had lesser qualifications and experience than Plaintiff. Plaintiff has come forward with no evidence, however, to show what position Schwartz held, where his job was located, who his supervisor was, how many years of experience he had, what type of experience he had, what his qualifications were, when he was promoted, and the position to which he was promoted. Absent any such specific facts, the evidence is not sufficient to support a finding that Plaintiff was treated differently than a similarly-situated employee outside of the protected class with regard to a promotion. For these reasons, Defendant is entitled to summary judgment on Count II.

### C. Failure to Protect

Plaintiff has not come forward with any evidence to show that Defendant failed to protect him against workplace abuses while protecting white employees against similar abuses. (Count III). Plaintiff makes no allegations regarding this claim in his opposing memorandum other than to generally assert that he was "subjected to hostility in the workplace from non-white employees." To avoid summary judgment, a party must present more than mere allegations. Plaintiff's failure to do so entitles Defendant to summary judgment on Count III.

**D. Wrongful Discharge Claim**

Plaintiff fails to establish a prima facie case of wrongful discharge on account of his race (Count IV). Plaintiff can fulfill the first three elements of a prima facie case of discriminatory discharge. He is a member of a protected class, he was qualified for the job, and he suffered an adverse employment action in that he was terminated.

Plaintiff has not, however, come forward with sufficient evidence to satisfy the fourth element. Defendant asserts that it terminated Plaintiff because CMI's business in Dayton had decreased dramatically and CMI could not afford to retain Plaintiff on a full-time basis. Defendant states that CMI did not replace Plaintiff and CMI has not hired a full-time carpet technician in Dayton since Plaintiff's discharge. Plaintiff does not dispute that Red Carpet has not filled his position. Accordingly, Plaintiff has the burden to provide additional direct, circumstantial or statistical evidence to show that Defendant discharged him for impermissible reasons. Plaintiff has not satisfied his burden. Plaintiff attempts to show that he was treated differently than other employees in that the company accommodated other employees who became ill but terminated Plaintiff after he became ill and required an accommodation. Plaintiff asserts that Frank Ward, a white male "in a supervisor's position like Plaintiff[,] was given light duty when he became ill." Plaintiff alleges that another white male, Pledge Nickerson, was given preferential treatment when he was not terminated after sickness. Plaintiff further avers that Mike Schwartz was given preferential treatment post-illness. Plaintiff alleges no specific facts, however, to show that he was similarly-situated to these individuals, who were not full-time carpet technicians in Dayton, and to support an inference that he was treated differently than them because of his race. Nor has Plaintiff come forward with any additional evidence to establish the fourth prong of a prima facie

case and to show that Defendant discharged him on account of his race.

Even assuming Plaintiff has established a prima facie case of discriminatory discharge, he has not come forward with evidence to demonstrate that Red Carpet's articulated legitimate, nondiscriminatory reason for his termination is a pretext for discrimination.  Red Carpet asserts that it did not have enough work in Dayton to keep a full-time employee.  Plaintiff has failed to come forward with any evidence to raise a genuine issue of material fact as to whether the articulated reason was not the true reason for his termination.  Accordingly, Defendant is entitled to summary judgment on Count IV.

## VI.  Conclusion

In accordance with the foregoing, defendant's motion for summary judgment is **GRANTED.**  This case is **DISMISSED** and is **TERMINATED** on the docket of the Court at Plaintiff's cost.

**IT IS SO ORDERED**.


                        S/ Herman J. Weber
                             HERMAN J. WEBER
                  SENIOR JUDGE, UNITED STATES DISTRICT COURT